UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY SMITH,

    Plaintiff,

v.                                        Case No. 1:14-cv-920
                                              Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on December 4, 1953 (AR 148).[1] He completed the 12th grade, and had past employment as a census taker, commercial pesticide applicator, motor home driver, forklift driver, and packaging supervisor (AR 38, 152-53). Plaintiff alleged a disability onset date of July 15, 2009 (AR 148). He identified his disabling condition as emphyzema nodules in the lung (AR 152). The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on March 15, 2013 (AR 29-38). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of July

15, 2009, and that he met the insured status requirements of the Social Security Act through December 31, 2013 (AR 31). At the second step, the ALJ found that plaintiff had the following severe impairments: chronic obstructive pulmonary disease (COPD); heart disease with hypertension; and obesity (AR 31). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 34).

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) in that the claimant can lift and/or carry up to twenty (20) pounds occasionally and up to ten (10) pounds frequently, can stand and/or walk for about six (6) hours and can sit for about six (6) hours during an eight-hour workday, except: the claimant can frequently balance, stoop, kneel crouch and crawl; the claimant can occasionally climb ramps or stairs, but must never climb ladders, ropes, or scaffolds; and the claimant must avoid concentrated exposure to temperature extremes, pulmonary irritants such as dusts, odors, fumes, and gases, and workplace hazards such as dangerous moving machinery and unprotected heights.

(AR 34).

The ALJ also found at the fourth step that plaintiff could perform his past relevant work as a motor home driver (AR 38). The ALJ found that this work did not require the performance of work related activities precluded by his residual functional capacity (RFC) (AR 38). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from July 25, 2009 (the alleged onset date) through March 15, 2013 (the date of the decision) (AR 38).

### III. ANALYSIS

Plaintiff raised two issues on appeal:

4

> **A.    The decision erred when it ignored the composite nature of plaintiff's past job and denied benefits on the basis of his ability to perform the less demanding parts of that job.**

In 2007 and 2008, plaintiff worked for John's Body Shop (AR 195). Plaintiff contends that this past relevant work was incorrectly identified as motor home driver, and that the work was actually a "composite" occupation comprised of (1) driving motor homes and (2) painting the motor homes. Plaintiff's Brief (docket no. 11, PageID #415-17). Plaintiff contends that the ALJ erred by finding that he could perform only one portion of that job, i.e., driving motor homes, and that he could not perform the painting portion of the job due to the limitation regarding exposure to pulmonary irritants. *Id.*

It is the claimant's burden at the fourth step of the sequential evaluation to show an inability to return to any past relevant work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). To support a finding that a claimant can perform his or her past relevant work, the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job as actually performed or as ordinarily required by employers throughout the national economy. *See Studaway v. Secretary of Health & Human Services*, 815 F.2d 1074, 1076 (6th Cir.1987); 42 U.S.C. § 423(d)(2)(A) ("[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy").

An initial question before the Court is whether plaintiff's position at John's Body Shop was a composite job which incorporated elements of two different types of work. Social

Security Ruling (SSR) 82-61 ("Past relevant work -- The particular job or the occupation as generally performed") refers to the term "composite jobs" as follows:

> [C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT [*Dictionary of Occupational Titles*].  Such situations will be evaluated according to the particular facts of each individual case.

SSR 82-61.

On December 7, 2011, plaintiff prepared a work history report stating that this job involved "motor home prep for painting, motor home tear down after painting, drove the motor homes" and that he carried 10 pound cans of paint (AR 176).   In a "work clarification" contact on January 24, 2012, plaintiff advised the agency that "there were strong fumes at this job" (AR 185). The Agency identified this job as "Paint Prep/Driver, Body Shop" (AR 185).  In the initial determination denying benefits from January 26, 2012, the Agency noted that plaintiff's job driving motor homes "is a composite of significant elements from two or more occupations and does not have a DOT counterpart" (AR 73-74, 84, 86).  Then, in a "Claimant's Work Background" form related to plaintiff's administrative appeal dated October 26, 2012, this job was identified as a "motor home spray painter" (AR 195).  None of these records identified plaintiff's job with the body shop as a "painter."

At the administrative hearing, the ALJ questioned plaintiff about his duties at this job:

Q   What exactly did you do in that job?

A   It was a place in Elkhart that painted brand new motor homes, and we were doing like a dozen a day.  **I didn't do any painting**.

Q   You were just moving the motor home from one spot to another?

> A   Well, I was also helped tearing them down after they get painted. Then I would drive the motor home back to the place that we had picked it up from.

(AR 60) (emphasis added). Plaintiff explained that "tearing down" referred to "taking off paper and tape" after the painting (AR 60). In summary, plaintiff's testimony clarified that his occupation was that of a motor home driver; it was not a composite job which included painting the motor homes.

However, there is evidence that plaintiff was exposed to fumes as part of his job as a motor home driver (AR 185). In this regard, the evidence indicates that plaintiff carried paint cans, taped the motor homes before painting, tore off the tape after the motor home was painted, and that there were "strong fumes" at the job site (AR 60, 176, 185). In his RFC determination, the ALJ found that plaintiff "must avoid concentrated exposure to . . . pulmonary irritants such as dusts, odors, fumes, and gases" (AR 34). Given plaintiff's description of his work, it appears that while he did not paint the motor homes, his work with the motor homes before and after the painting would subject him to the types of pulmonary irritants which the ALJ found that he should avoid, i.e., fumes. Based on this record, it appears that the ALJ's determination that plaintiff could perform his past relevant work as a motor home driver did not take into account plaintiff's exposure to these irritants while performing that job. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should determine whether plaintiff's past relevant work as a motor home driver exposed him to the work preclusive environment of concentrated exposure to pulmonary irritants.

> **B.     The decision erred by failing to perform a credibility evaluation under the requirements of the regulations.**

Plaintiff contends that the ALJ failed to properly evaluate his credibility. An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). "It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536, *quoting Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The threshold for overturning an ALJ's credibility determination on appeal is so high, that in recent years, the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 113 (6th Cir. 2010), and that "[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Commissioner of Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

In his decision, the ALJ listed the factors he must consider in evaluating plaintiff's credibility pursuant to 20 C.F.R. § 404.1529(c): "(i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to

8

alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms" (AR 35).

The record reflects that although the ALJ did not address each of the seven factors listed in § 404.1529 in a separate section of the decision, the ALJ did consider these factors while addressing plaintiff's alleged disabling impairments and his medical history commencing with his complaints of shortness of breath in 2008 (AR 35-37). However, the ALJ's credibility determination appears to be a vague (and virtually meaningless) afterthought:

> Additionally, the claimant's subjective complaints are not entirely credible, as they are generally inconsistent with the record as a whole.

(AR 37).

The ALJ's credibility determination neither identified particular subjective complaints nor explained how such complaints were inconsistent with the record. In this regard, plaintiff provided the ALJ with a list of activities which affect his breathing: climbing four steps up a ladder to fill a bird feeder; bringing groceries in from the car; vacuuming; and walking from a parking lot into a Home Depot store (AR 50). In addition, plaintiff testified that he no longer uses a chain saw because he gets out of breath trying to start it (e.g., pulling the cord four or five times), and that he has to stop twice to breathe while taking the trash out 30 yards on a slight incline (AR 50-51).[2]

---

[2] In this regard, the Court notes that the ALJ's statement that plaintiff can "operate a chainsaw" (AR 35) is not supported by plaintiff's testimony.

The Commissioner must provide a statement of evidence and reasons on which the decision is based.  *See* 42 U.S.C. § 405(b)(1).  While it is unnecessary for the ALJ to address every piece of medical evidence,  *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).  "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review."  *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985), *quoting Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir.1984).  Based on this record, the Court cannot determine which of plaintiff's complaints the ALJ found credible.  Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should re-evaluate plaintiff's credibility.

### IV.  CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to determine whether plaintiff's past relevant work as a motor home driver exposed him to the work preclusive environment of concentrated exposure to pulmonary irritants and to re-evaluate plaintiff's credibility.  A judgment consistent with this opinion will be issued forthwith.


Dated:  September 22, 2015            /s/ Ray Kent
                                      RAY KENT
                                      United States Magistrate Judge